IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CANAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHRISTOPHER THOMAS, INC., et al, )<br>)<br>Defendants. )<br>)<br>ST. PAUL FIRE AND MARINE )<br>INSURANCE COMPANY, )<br>)<br>Counterclaim and Cross-Claim Plaintiff, )<br>)<br>CANAL INSURANCE COMPANY, )<br>)<br>Counterclaim Defendant. ) | RECEIVED<br><br>2006 MAR -9 A 9:14<br><br>[illegible stamp]<br><br>CIVIL ACTION NO. 2:06mc3285-MHT |

## ST. PAUL'S MOTION TO QUASH, OR ALTERNATIVELY, TO MODIFY PLAINTIFF'S SUBPOENA OF DEFENDANTS' FORMER ATTORNEY'S DOCUMENTS

For the reasons stated below, Defendant/Movant St. Paul Fire and Marine Insurance Company ("St. Paul") objects to and moves to quash Canal's subpoena of documents to Anthony (Tony) Higgins, its former attorney. Subpoena attached as Exhibit "A."

### Brief Statement of Facts

This is a declaratory judgment action pending in United States District Court, Southern District of Alabama, *Canal Insurance Co., Inc., v. Golden Peanut Co., LLC, et. al.,* CV-04-0094-KD-C. This action is pending before Judge Kristi Dubose and Magistrate Judge William Cassady. This declaratory judgment action arises out of an

{B0577159}

automobile accident in which tractor driver Jason Tillery, an employee of Christopher Thomas, Inc., was hauling a trailer that belonged to Golden Peanut. The issues remaining in this case involve the apportionment among insurers of responsibility for defense and indemnity in a wrongful death action arising out of the accident and filed against Tillery, Christopher Thomas, Inc., and Golden Peanut.

On March 1, 2006, Plaintiff, Canal Insurance Company, served on Tony Higgins, a subpoena for production of numerous records. This subpoena was filed in the Middle District based on the fact that Mr. Higgins practices in Montgomery, Alabama. Mr. Higgins was St. Paul's attorney in this action for a period of time as well as Golden Peanut's attorney in the underlying wrongful death action.

The formal discovery deadline in this case was originally set for September 17th, 2004. On February 4th, 2005, in a reply brief in support of its summary judgment motion, and subsequently, in a motion to amend, Canal raised certain new defenses to coverage for Tillery. The other parties objected to the new coverage defenses as being prejudicial and untimely, and also opposed Canal's raising of the new coverage defenses on grounds of waiver and estoppel.

After a hearing on March 30th, 2005, Judge Callie V. S. Granade ruled that Canal could raise the new coverage defenses. The Court further stated, "However, it is possible that Canal has waived its right to deny coverage to Tillery or assert that its policy is excess to all other coverage and defendants should be given the opportunity to conduct discovery concerning Canal's new positions. Therefore, the Court finds it appropriate to allow the parties to conduct discovery **on these issues** and to allow the defendants to

2

{B0577159}

rebut this recent assertion by Canal." Doc. 143, *April 1, 2005 Order*, p. 5 (emphasis added), attached as Exhibit "B." The Court then ordered that "[discovery] is [reopened] for the **limited purpose** of determining whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverage, and whether Canal has waived its right to assert its current position regarding those issues." *Id.*, p. 6 (emphasis added). In subsequent scheduling orders allowing additional time for discovery, the Court reiterated the same limitations on the additional discovery. *See* Doc. 165, *April 28, 2005 Order*, ¶ 1; & Doc. 170, *September 15, 2005 Scheduling Order*, ¶ 1, attached as Exhibits "C" and "D."

Since the limited extension of the discovery deadline, Canal has attempted to engage in formal discovery that exceeds the bounds of discovery set by the Southern District in its Orders. Much of the discovery Canal seeks, including the subpoena of Tony Higgins's records, has no arguable relation to Canal's alleged defenses to its coverage responsibilities to Jason Tillery, or to whether Canal has waived or is estopped from asserting those defenses.

## Standard of Review

"On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena it if … requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii) & (iv).

## Argument

Pursuant to the Scheduling Orders entered in this case, discovery is permissible at this time only as to "whether Canal's policy covers Jason Tillery, whether Canal's policy is excess over all other coverages and whether Canal has waived its right to assert its current position regarding these issues." *See* Doc. 143, *April 1, 2005 Order*, pp. 5-6; Doc. 170, *September 15, 2005 Scheduling Order* ¶ 1.  Therefore, St. Paul's motion to quash should be granted on the grounds that the subpoena seeks documents outside the limited scope of discovery permitted by the Scheduling Orders of the Southern District, that based on the Orders of the Southern District that these documents are immaterial and irrelevant to the limited purpose for which discovery was reopened and based on the ground that production of these documents is unduly burdensome.[1]  Canal's demands for production of documents from St. Paul's former attorney have no relation to any of the three areas of discovery outlined by the Southern District and are outside the limited scope of the Court's Orders.  Furthermore, based on the fact that the documents sought are outside the limited scope of discovery allowed by the Court's Orders, the documents are immaterial and irrelevant to the issues on which discovery is reopened.  Additionally, the burden and expense to St. Paul of having to litigate a case in which its former

---

[1] A party has standing to oppose the subpoena of a nonparty when the subpoena violates case management orders issued under Fed. R. Civ. P. 16 and 26.  *See, e.g., Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426 (M.D. Fla. 2005) (finding that a Defendant had "standing to move to quash or modify the subpoena of a nonparty based on inadequate notice" because "a party has standing to move to enforce the Court's orders and rules"); *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 562 n.3 (S.D. Cal. 1999).  In this case, St. Paul has standing to oppose the subpoena on the basis of undue burden because it is asserting its own right to prepare its case in reliance on this Court's Orders, and its own interest in preventing the undue burden it would face if Canal obtained discovery not permitted any party, including St. Paul under those Orders.  *See Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551 ___ n.3; 2001 LEXIS 16961 at *10 n.3 (N.D. Ga. 2001) ("[I]t appears to be the general rule of the federal courts that a party has standing to challenge a subpoena when she alleges a 'personal right or privilege with respect to the materials subpoenaed.'").

{B0577159}

attorneys' protected and confidential files, mental impressions, strategies, and legal theories have been publicized is a particularly *undue* burden. Furthermore, the subpoena of St. Paul's attorney's records also poses an undue burden to St. Paul because, in light of this Court's Orders, St. Paul cannot engage in discovery as to whatever issues Canal is trying to obtain discovery through the subpoena. To allow Canal's subpoena to stand would permit Canal alone to obtain discovery outside the limits set by the Court and, thus, may provide Canal an unfair advantage in this litigation.

The subpoena of St. Paul's former attorney's records would also require disclosure of privileged or other protected matter and subjects St. Paul to an undue burden. Therefore, the subpoena should be quashed. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii) & (iv); *see also* Fed. R. Civ. P. 26(b)(1) (limiting discovery to material that is "not privileged"); Fed. R. Civ. P. 26(b)(3) (protecting trial preparation materials); Doc. 143, *April 1, 2005 Order*, pp. 5-6 (limiting the scope of discovery permitted after expiration of the original discovery deadline in this case); Doc. 170, *September 15, 2005 Scheduling Order* ¶ 1 (same).

The Federal Rules permit discovery only as to "any matter [] not privileged." *See* Fed. R. Civ. P. 26(b)(1). Under Alabama law,[2]

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client,

---

[2] "[I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Fed. R. Evid. 501; *see also Somer v. Johnson*, 704 F. 2d 1473, 1478 (11th Cir. 1983) (stating that, in a diversity action, state law governs whether materials sought in discovery are privileged). This is a diversity action; therefore, the existence of a privilege is governed by state law.

> (1) between the client or a representative of the client and the client's attorney or a representative of the attorney, or (2) between the attorney and a representative of the attorney, (3) by the client or a representative of the client or the client's attorney or a representative of the attorney to an attorney or a representative of an attorney representing another party concerning a matter of common interest, (4) between representatives of the client and between the client and a representative of the client resulting from the specific request of, or at the express direction of, an attorney, or (5) among attorneys and their representative representing the same client.

Ala. R. Evid. 502.

Furthermore, a party's attorney's work product in anticipation of litigation is protected under Rule 26(b)(3) as follows:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable ... and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney ...) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

However, even if a party is able to demonstrate substantial need for access to, and inability to otherwise obtain the equivalent of, materials created for another party by its attorney in anticipation of litigation, the court shall nevertheless "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *See* Fed. R. Civ. P. 26(b)(3).

Tony Higgins is St. Paul's former attorney. The subpoena requires him to produce documents related to his representation of St. Paul in this case such as:

- "any and all documents that relate, in any way, to Golden Peanut Company, LLC's[,] United States Fire Insurance Company's and/or St. Paul Fire and Marine Insurance Company's decision to demand defense and/or indemnity from Canal Insurance Company on or about January 7, 2004." (item 1);

- "all documents that relate, in any way, to [Higgins'] written representation that [U.S. Fire] or [St. Paul][3] would respond to Canal's demand for defense and/or indemnity 'as quickly as possible'" (item 4).

On their face these demands for production of documents, as well as all the other demands in the subpoena that are not listed here, are wholly directed at materials that reveal communications subject to the attorney-client privilege or documents that are the protected product of an attorney's work prepared for St. Paul in anticipation of litigation. *See id.* Canal has no need, substantial or otherwise, for the materials created in anticipation of litigation, and cannot demonstrate an inability to legitimately obtain any information in them by another means. Moreover, the subpoena's demands require disclosure of mental impressions, conclusions, opinions, or legal theories of St. Paul's

---

[3] U.S. Fire and St. Paul insured Golden Peanut. Tony Higgins has also represented U.S. Fire and Golden Peanut in this action. Should the Court find that some of the documents subpoenaed by Canal were created solely for a client other than St. Paul or are not privileged as to St. Paul, St. Paul respectfully requests that, for the reasons given in this motion for an order quashing the subpoena, the Court modify the subpoena to prevent discovery of any documents or things in which St. Paul has an attorney-client privilege or that were produced by St. Paul in anticipation of litigation. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii) & (iv) (directing a court to "quash *or modify* a subpoena that requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden" (emphasis added)).

former attorney concerning the litigation, and would not be discoverable even if Canal could somehow make the requisite showing. *See id.* Therefore, the materials are not discoverable and St. Paul is entitled to their protection from discovery. Accordingly, the Court should quash the subpoena.

## Conclusion

For the reasons stated above, the subpoena of Tony Higgins's documents requires disclosure of privileged or other protected matters and subjects St. Paul to undue burden. Therefore, St. Paul respectfully submits that the subpoena should be quashed.

Alternatively, should the Court find that some of the documents subpoenaed by Canal were created solely for a client other than St. Paul or are not privileged as to St. Paul, St. Paul respectfully requests that, for the reasons given in this motion for an order quashing the subpoena, the Court modify the subpoena to prevent discovery of any documents or things in which St. Paul has an attorney-client privilege or that were produced for St. Paul in anticipation of litigation.

**Magistrate Judge William E. Cassady in the Southern District has overseen and ruled upon discovery disputes in this case. Based on Judge Cassady's familiarity with this action and the issues involved in the case, St. Paul would respectfully request that the Middle District transfer this Motion to Judge William E. Cassady in the Southern District for hearing, ruling and resolution.**

_[signature]_
Scott M. Salter
Bar Number: ASB-7168-R57S
Attorney for St. Paul Fire & Marine Insurance
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Birmingham, Alabama, 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-mail: ssalter@starneslaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that on March 6, 2006, I filed a copy of the foregoing with the Clerk of the Court and served counsel of record by U.S. Mail as follows:

K. Donald Simms
Joseph E. B. Stewart
Austill, Lewis & Simms, P.C.
P. O. Box 11927
Birmingham, AL 35202-1927

Stephen Mark Andrews
Morris, Cary, Andrews & Talmadge, LLC
P. O. Box 1649
Dothan, AL 36302

Steven A. Higgins
Nix, Holtsford, Gilliland, Higgins & Hitson, PC
P. O. Box 4128
Montgomery, AL 36103-4128

Carol Ann Smith
Smith & Ely, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, AL 35209

/s/ Scott M. Salter
Scott M. Salter
Bar Number: ASB-7168-R57S
Attorney for St. Paul Fire &
Marine Insurance
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Birmingham, Alabama, 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-Mail: ssalter@starneslaw.com